Dorothy M. Hauck, Widow of Charles Lyle Hauck, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Kocher Coal Company, Respondents.

Argued September 13, 1979, before Judges MENCER, DiSALLE and MacPHAIL, sitting as a panel of three.

*Wilson H. Oldhouser,* for petitioner.

*Lawrence W. Dague,* with him *Larry A. Makel,* Assistant Attorney General, *Joseph A. Lach,* and *Lenahan, Dempsey & Piazza,* for respondents.

OPINION BY JUDGE MENCER, December 6, 1979:

Dorothy M. Hauck (claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) denying her fatal claim petition, filed pursuant to The Pennsylvania Workmen's Compensation Act (Workmen's Compensation Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. Her husband, Charles L. Hauck (decedent), allegedly died from anthracosilicosis contracted while employed in various anthracite mines in Pennsylvania. We affirm.

Decedent retired from Kocher Coal Company (Kocher), his employer since 1971, on March 31, 1976. On June 5, 1976, he was examined by Dr. William Darkes, who determined that claimant was totally disabled because of anthracosilicosis, an occupational disease under Section 108(q) of the Workmen's Compensation Act, added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(q). Decedent died on November 7, 1976 before a petition for lifetime benefits could be filed.

556

At the referee's hearing, claimant offered both the testimony of Dr. Darkes and a certified copy of decedent's death certificate to establish the cause of decedent's death as anthracosilicosis. Kocher objected to the death certificate as hearsay, and the referee admitted it only to establish the date of death. Neither Kocher nor the Commonwealth of Pennsylvania[1] offered any evidence. The referee, finding that claimant had not sustained her burden on the cause of death, denied her petition. Upon the Board's affirmance, claimant's appeal to this Court followed.

Claimant, relying on Section 810 of the Vital Statistics Law of 1953 (Act), Act of June 29, 1953, P.L. 304, *as amended,* 35 P.S. §450.810, argues that the referee erred in not admitting the death certificate as evidence of the cause of decedent's death. Section 810 provides, in pertinent part:

> Any record or duly certified copy of a record or part thereof which is (1) filed with the department in accordance with the provisions of this act and the regulations of the Advisory Health Board and which (2) is not a 'delayed' record filed under section seven hundred two of this act [35 P.S. §450.702] or a record 'corrected' under section seven hundred three of this act [35 P.S. §450.703] shall constitute prima facie evidence of its contents. . . .

Since death certificates are required to be filed with the Department of Health pursuant to Section 501 of the Act, 35 P.S. §450.501, and decedent's certificate was neither a delayed nor a corrected record under the

---

[1] The Commonwealth is a party by virtue of its liability under Section 305.1 of the Workmen's Compensation Act, added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1, for a percentage of the compensation due a claimant because of silicosis, anthracosilicosis, or coal worker's pneumoconiosis.

Act, it falls within the scope of Section 810 and thus is "prima facie evidence of its contents."

Despite this language, there is some conflict and confusion in Pennsylvania and elsewhere on whether death certificates are admissible on the cause of death, as distinguished from merely the date and fact of death.[2] The weight of authority in Pennsylvania, however, is that a properly authenticated death certificate is generally admissible as proof, albeit not conclusive, of both the fact and the cause of death. *See Kubacki v. Metropolitan Life Insurance Co.,* 193 Pa. Superior Ct. 138, 164 A.2d 48 (1960); *Castor v. Ruffing,* 178 Pa. Superior Ct. 124, 112 A.2d 412 (1955). *See also* 1 A. Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease* §6.21(7)(c) (1975). If, however, there is some reason to suspect the trustworthiness of facts asserted in the certificate or the competency of its author, the certificate is not competent evidence of the facts in question. *See, e.g., Kubacki, supra; Heffron, supra* note 2; *Johnson v. Valvoline Oil Co.,* 131 Pa. Superior Ct. 266, 200 A. 224 (1938); *Meyers v. Metropolitan Insurance Co.,* 36 Pa. D. & C. 2d 479 (C.P. Erie 1964); *cf.* the Judicial Code, 42 Pa. C.S. §6104 (properly authenticated official records are admissible "unless the sources of information or other circumstances indicate lack of trustworthiness"). Thus, in absence of any indication that the death certificate presented here is somehow untrustworthy, the referee erred in not admitting it as evidence of the cause of death.

---

[2] *See Heffron v. Prudential Insurance Co. of America,* 137 Pa. Superior Ct 69, 8 A.2d 491 (1939); *Griffin v. National Mining Co.,* 127 Pa. Superior Ct. 588, 193 A. 447 (1937); *See also* Annot., 21 A.L.R. 3d 418 (1968), superseding Annot., 17 A.L.R. 359 (1922), Annot., 42 A.L.R 1454 (1926), and Annot., 96 A.L.R. 324 (1935); 5 J. Wigmore, *Evidence* §§1642-1646 (Chadbourn rev. 1974).

This error, however, is harmless in light of *Consolidation Coal Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978), in which we held that Section 301(c)(2) of the Workmen's Compensation Act, 77 P.S. §411(2), requires a claimant to show that a decedent's death *resulted from* an occupational disease as opposed to the disease's merely being a contributing factor to the death. Here, the death certificate listed the *immediate* cause of decedent's death as myocardial infarction with anthracosilicosis and pulmonary emphysema listed as "other significant conditions *contributing to death but not related to the immediate cause.*" (Emphasis added.) Therefore, even if the certificate had been properly admitted, it would only be evidence that decedent's anthracosilicosis contributed to his death, not that his death resulted from it as required by Section 301(c)(2).

Claimant also argues that the referee capriciously disregarded the competent testimony of Dr. Darkes on the cause of decedent's death. While it is true that Dr. Darkes testified unequivocally that decedent died from anthracosilicosis, cross-examination revealed that his opinion was based solely on his examination of decedent five months prior to his death. Indeed, Dr. Darkes candidly admitted that he was not present when decedent passed away, that he had not examined the body, and that he had no other objective evidence concerning the cause of decedent's death than that decedent had anthracosilicosis. In view of this testimony and the fact that decedent could have died from a number of intervening causes of which Dr. Darkes would have been unaware, his testimony was speculative at best and properly disregarded by the referee.[3]

---

[3] Claimant asserts that *Castor, supra,* is dispositive of both issues presented here. While we find *Castor* controlling on the issue of

Accordingly, we enter the following

ORDER

AND Now, this 6th day of December, 1979, the order of the Workmen's Compensation Appeal Board, dated August 17, 1978, dismissing the petition of Dorothy M. Hauck, is hereby affirmed.

---

the admissibility of the death certificate, we disagree that it is dispositive of the issue of the sufficiency of Dr. Darkes' testimony. In *Castor*, the Court found that a doctor's testimony on the cause of death was sufficient competent evidence to sustain an award despite the fact that the doctor last examined the decedent three months prior to his death. What distinguishes *Castor*, however, is that the physician was supplied, by way of a hypothetical question, all the facts leading up to the decedent's death, including the type of work in which he was engaged and his working environment. No similar factual basis was laid here from which Dr. Darkes could render a competent opinion.

---

DISSENTING OPINION BY JUDGE DISALLE:

I respectfully dissent. Although it concludes that the referee erred in not admitting the death certificate as evidence of the cause of death, the majority holds that the error was nevertheless harmless. I cannot agree for two reasons. In the first place, *Duquesne Light Co. v. Gurick*, 46 Pa. Commonwealth Ct. 150, 405 A.2d 1358 (1979), holds that a doctor's testimony that an occupational disease was "one of the causes of death" will support a claim for death benefits under Section 301(c)(2) of the Workmen's Compensation Act, 77 P.S. §411(2). If the death certificate had been admitted, Claimant could have questioned Dr. Darkes as to whether anthracosilicosis was one of the causes of death. As it was, Dr. Darkes did try to explain the remarks on the death certificate as they related to causation. The referee did not allow him to do so, however, on the basis that the death certificate was not in

evidence for that purpose. The referee's error, therefore, prevented Claimant from making any attempt to meet the *Gurick* test. Secondly, consistent with *Castor v. Ruffing*, 178 Pa. Superior Ct. 124, 112 A.2d 412 (1955), Claimant could have framed a hypothetical question to elicit Dr. Darkes' expert opinion on causation using the death certificate as the necessary factual basis for the question. We should not fault Claimant for failure to ask a hypothetical question when the referee effectively denied him the opportunity to do so. *See Hoffman v. Commonwealth*, 422 Pa. 144, 221 A.2d 315 (1966).

Where, as here, the orderly introduction of relevant evidence is thwarted at the outset by an erroneous ruling, the error is prejudicial and I would remand to the Board for a new hearing.