Mamie Elliott, Widow of Clem Elliott, Deceased, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Bethlehem Mines Corporation and Commonwealth of Pennsylvania, Respondents.

Argued November 20, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Benjamin L. Costello,* with him, *Kenneth J. Yablonski* and *J. Scott Leckie,* for petitioner.

*William F. Henkel, Greenlee, Richman, Derrico & Posa,* for respondent, Bethlehem Mines Corporation.

*Gregory D. Geiss,* Assistant Attorney General, with him, *Laurence W. Dague,* Assistant Attorney General, for respondent, Commonwealth of Pennsylvania.

Opinion by Judge Palladino, February 24, 1981:

This is the first of three cases consolidated on appeal, which concern the intendment of Section 301(c)-(2) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(2). Petitioner, the widow of a coal miner, appeals from an order of the Workmen's Compensation Appeal Board (Board), which denied her entitlement to death benefits under Section 301(c)(2) of the Act. We affirm the Board's order.

Section 301(c)(2) of the Act provides "/t/hat whenever occupational disease is the basis for compensation, . . . it shall apply only to disability or death *resulting from* such disease. . . ." (Emphasis added.) "/T/he language of Section 301(c)(2) requires more than a finding that the occupational disease was a *contributing factor. . . .*" (Emphasis added.) (Footnote deleted.) *Consolidation Coal Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 412, 419, 391 A.2d 14, 18 (1978).

Under Section 301(c)(2) of the Act, the death of a worker afflicted with concurrent illnesses, is compensable only if caused by an occupational disease. Mere presence of an occupational disease does not fulfill the causation requirement. A worker's fatal heart attack was not compensated in *Manuel v. N. L. Industries,* 50 Pa. Commonwealth Ct. 280, 412 A.2d 912 (1980), because the worker's susceptibility to coronary disease was occasioned by his suffering from diabetes and tuberculosis as well as work-related lead poisoning. In *Hauck v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 554, 408 A. 2d 585 (1979), a death certificate listed anthracosilicosis and pulmonary emphysema as "other significant conditions *contributing to/*a worker's/*death but not related to the immediate cause.*" (Emphasis in

original.) *Id.* at 558, 408 A.2d at 587. After considering the wording of the death certificate and Section 301(c)(2) of the Act, this Court reasoned that occupational disease had contributed to, but not induced, the worker's death. Therefore, death benefits were denied.

While the presence of an occupational disease does not guarantee an award of benefits, the existence of multiple illnesses does not compel a denial of benefits. Where there is not an independent, supervening cause of disability, "/t/estimony that establishes a disease process as a 'substantial contributing factor' in claimant's disability does not logically preclude a . . . finding that the disability 'resulted from' such cause. . . ." *Crucible Steel Corp. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 165, 169, 415 A.2d 458, 461 (1980). In *Duquesne Light Co. v. Gurick,* 46 Pa. Commonwealth Ct. 150, 405 A.2d 1358 (1979), medical testimony established that "the causes of/an employee's/death were occlusive coronary arteriosclerosis, cardiac hypertrophy, cardiac arrest, coal miner's pneumoconiosis, with emphysema, and, cor pulmonale, severe." *Id.* at 152, 405 A.2d at 1359. Nevertheless, this Court awarded death benefits because the testifying physician "believed all of the named conditions were *equally responsible* for/the worker's/death." (Emphasis added.) (Footnote deleted.) *Id.* at 152, 405 A.2d at 1359.

When causality is not obvious, it must be proven by unequivocal medical testimony. *Breen v. Pennsylvania Crime Commission,* 52 Pa. Commonwealth Ct. 41, 415 A.2d 148 (1980).

[I]n cases in which the deceased suffered from a number of interrelated diseases, we [the Court] believe that the Act requires medical evidence to be preseneted which establishes that

a claimant's death *resulted from* an occupational disease, not simply that the disease was a contributing factor. (Emphasis in original.)

*Consolidation Coal Co., supra,* at 422, 391 A.2d at 19.

In the instant case the autopsy report upon which the Referee relied, listed pneumoconiosis (an occupational disease), arteriosclerotic heart disease, cardiac hypertrophy, acute congestive heart failure, and cor pulmonale as the causes of the death of petitioner's husband. Despite the Referee's findings that pneumoconiosis was among the causes of death and that pneumoconiosis was a "major contributing factor" in the death, the Referee failed to find that pneumoconiosis, in and of itself, could have resulted in the death of petitioner's husband.

Therefore, we affirm the Board's order denying benefits to petitioner, and we will enter the following

ORDER

AND Now, February 24, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-77194, dated September 27, 1979, is affirmed.