Anna Mae Vargo, Widow of James Vargo, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Republic Steel Corporation, Respondents.

Argued November 20, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Benjamin L. Costello,* with him, *Kenneth J. Yablonski,* for petitioner.

*Linton L. Moyer,* with him, *William A. Jones, Jr., Thomson, Rhodes & Grigsby,* for respondent, Republic Steel Corporation.

*Gregory D. Geiss,* Assistant Attorney General, with him, *Lisa Roth,* Assistant Attorney General, for respondent, Commonwealth of Pennsylvania.

OPINION BY JUDGE PALLADINO, February 24, 1981:

This is the third of three cases consolidated on appeal, which concern the intendment of Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(2). Petitioner, the widow of a coal miner, appeals from an order of the Workmen's Compensation Appeal Board (Board), which denied her entitlement to death benefits under Section 301(c)(2) of the Act. We affirm the Board's order.

Section 301(c)(2) of the Act provides "/t/hat whenever occupational disease is the basis for compensation, . . . it shall apply only to disability or death *resulting from* such disease. . . ." (Emphasis added.)

In the instant case testimony from two physicians, one of whom prepared the autopsy report, showed that petitioner's husband died as the result of coronary arteriosclerosis and that petitioner's husband also had an acute myocardial infarction, cardiac arrest, pneumoconiosis (an occupational disease), and cor pulmonale. Initially, the Referee found that pneumoconiosis was a "substantial contributing factor" in the death. On remand the Referee found that "/i/n light of . . . Consolidation Coal Co. v. Workmen's Compensation Appeal Board, 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978), . . . the claimant/widow/ failed to produce legally sufficient and competent evidence which establishes or pinpoints that the decedent's death resulted from the occupational diseases claimed." The Referee failed to find that pneumoconiosis, in and of itself, could have resulted in the death of petitioner's husband.

Based upon the findings of the Referee and upon this Court's opinion in the first of the three cases consolidated on appeal, *Elliott v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 70, 425 A.2d 885 (1981), we affirm the Board's order denying benefits to petitioner, and we will enter the following

ORDER

AND Now, February 24, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-77643, dated April 24, 1980, is affirmed.