The Celotex Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (John W. Parker), Respondents.

Argued April 8, 1981, before President Judge CRUMLISH, JR. and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Peter J. Weber,* with him *Lowell A. Reed, Jr., Rawle & Henderson,* for petitioner.

*Marc S. Jacobs, Galfand, Berger, Senesky, Lurie & March,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 17, 1982:

The Celotex Corporation and Aetna Life and Casualty Company appeal a Workmen's Compensation Appeal Board order affirming a referee's benefits award to John W. Parker.[1] We affirm.

Parker was a Celotex employee for approximately thirty-one years.[2] During the last two years of his employment, until August 19, 1977, he lubricated heavy machinery. After leaving Celotex, Parker filed a claim petition for total disability from lung cancer as the result of his exposure to asbestos during his employment.

After hearings, a referee found that Parker was totally disabled by lung cancer as the result of exposure to asbestos in an occupation in which asbestos is a hazard and that the disability resulted from exposure to the hazard after June 30, 1973. The referee

---

[1] Subsequent to the filing of this petition, Parker died. By agreement of the parties, no fatal claim petition has been filed pending the outcome of this appeal.

[2] Celotex is a roofing materials manufacturer. During the course of his employment, Parker worked at various tasks throughout the plant.

concluded that Parker qualified under Section 108(1) of The Pennsylvania Workmen's Compensation Act[3] and awarded benefits.

Section 108(1) reads, in pertinent part, that:

The term "occupational disease," as used in this act, shall mean only the following diseases.

. . . .

(1) Asbestosis and cancer resulting from direct contact with, handling of, or exposure to the dust of asbestos in any occupation involving such contact, handling or exposure.

The referee concluded, and the Board agreed, that Parker's lung cancer was caused by both his exposure to asbestos and cigarette smoking.

The referee found:

7. As a result of the carcinoma of the left lung, the Claimant was totally disabled from February 4, 1977 to March 15, 1977, inclusive, and from August 20, 1977 to the date of his death on May 27, 1978.

8. During the period that the Claimant worked as a saturator and lubricator for the Defendant, as noted in Findings of Fact No. 3 and No. 4, he was involved in the contact, handling and exposure to the dust of asbestos.

9. Further, that the disability noted in Finding of Fact No. 7, resulted in part from the exposure to the hazard of an occupational disease subsequent to June 30, 1973. More specifically, the aforesaid occupational disease in the instant matter is carcinoma of the lung caused by exposure to asbestos dust.

Our scope of review, where the party with the burden of proof has prevailed below and where the Board has taken no additional evidence, is limited to deter-

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §27.1.

mining whether constitutional rights were violated, an error of law was committed or any necessary finding of fact is unsupported by substantial evidence. *Bush v. Workmen's Compensation Appeal Board,* 338 Pa. Commonwealth Ct. 758, 438 A.2d 660 (1981).

Celotex argues that the referee's finding of Parker's exposure to an asbestos hazard after June 30, 1973, is unsupported by substantial evidence. We disagree.

Section 301(c) of the Act[4] requires that the employee's disease must have resulted "in whole or in part from the employe's exposure to the hazard of occupational disease after June 30, 1973. . . ." In *Workmen's Compensation Appeal Board v. Commonwealth,* 19 Pa. Commonwealth Ct. 499, 338 A.2d 758 (1975), we concluded that this requirement is met by a showing that the disability resulted from the cumulative effect of the exposure and that, after June 30, 1973, the claimant continued to be exposed to the hazard, no matter how minuscule the exposure. The evidence supports the conclusion that Parker was exposed to asbestos dust after June 30, 1973, and this, along with testimony of exposure during his entire tenure with Celotex, is sufficient to meet the requirement of Section 301(c).[5] *See Crucible Steel v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 374, 437 A.2d 1324 (1981).

---

[4] 77 P.S. §411(2).

[5] Parker testified that when he was employed in his last position as a lubricator, he came into contact with rolls of asbestos, and part of his job involved the blowing of asbestos dust from the machinery he had to oil. Once the referee accepted Parker's testimony as to the exposure to asbestos, Parker was entitled to a presumption of causal relationship and the burden shifted to Celotex to rebut that presumption. *Armco Steel Corp. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 443, 402 A.2d 563 (1979). There is nothing in the record to indicate that Celotex even attempted to rebut this presumption.

Celotex next contends that there is insufficient evidence to support the referee's tenth finding of fact:

10. That Dr. Johnston opined, and I believe him and find as a fact, that the incident of bronocogenic carcinoma is substantially greater in an industry working with asbestos than the general population. Further, that Dr. Johnston opined, and I believe him and find as a fact, that in the instant case cigarette smoking and exposure to asbestos constituted a *dual cause* in the production of the Claimant's carcinoma of the left lung. (Emphasis added.)

The evidence amply supports the conclusion that exposure to asbestos was one of the causes of Parker's disability. In *Evon v. Workmen's Compensation Appeal Board*, 70 Pa. Commonwealth Ct. 325, 453 A.2d 373 (1982), we held that Section 302(c)(2), or any provision of the Act, requires that in a claim petition the occupational disease must be causally related to the death or disability. We conclude that the referee's finding that asbestos was a dual cause of Parker's disability is supported by the evidence and clearly meets the requirement of causal relationship. *Evon.*

Affirmed.

## ORDER

The order of the Workmen's Compensation Appeal Board, No. A-77209 dated February 14, 1980, is affirmed.

Judgment is entered in favor of John W. Parker's estate, and Celotex Corporation is hereby ordered to pay to the estate $138.27 per week from February 4, 1977, to March 15, 1977, inclusive, and from August 20, 1977, to May 27, 1978, inclusive. Interest on all deferred payments is assessed at the rate of ten percent (10%) per annum. Further, Celotex Corporation is directed to pay $393.75 in costs to Marc S. Jacobs, Es-

quire, and is further ordered to forward twenty percent (20%) of the foregoing award, to be deducted from the award, to Marc S. Jacobs, Esquire.

Judge MENCER and Judge PALLADINO did not participate in the decision in this case.