Bucyrus-Erie Company, Petitioner *v.* Workmen's Compensation Appeal Board (Holland, w/o James R., Sr. and Commonwealth of Pennsylvania), Respondents.

Submitted on briefs February 28, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*William C. Hurtt,* with him *Robert F. Prorok, Reed, Smith, Shaw & McClay,* for petitioner.

*Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler,* for respondents, Betty L. Holland w/o James R. Holland, Sr.

OPINION BY JUDGE CRAIG, March 31, 1983:

Bucyrus-Erie Company appeals from a Workmen's Compensation Appeal Board order affirming a referee's award of benefits to the widow of James R. Holland (claimant) under those sections of The Pennsylvania Workmen's Compensation Act governing the occupational disease of silicosis.[1] We affirm.

Based on the testimony of three doctors,[2] the referee found that the claimant, who had worked for Bucyrus for thirty-four years in the steel foundry, contracted silicosis, a form of pneumoconiosis, as a result of his occupational exposure to silica dust.[3] Furthermore, one of the doctors[4] testified that the silicosis was

---

[1] *See* sections 108(k) and 301(c)(2) of the Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§27.1(k), 411(2).

[2] Dr. Lester M. J. Freedman, Dr. J. D. Silverman and Dr. C. B. Chough.

[3] Referee's Finding of Fact No. 7.

[4] Dr. J. D. Silverman.

"one of the causes" of the decedent's death, because it left him vulnerable to the medical complications which ultimately took his life.[5]

Bucyrus alleges that, as a matter of law, a claimant must show that the occupational disease was, at the very least, the "most significant cause of death," not merely that it was "one cause of death," citing *Crucible Steel, Inc. v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 415, 442 A.2d 1199 (1982); *Elliott v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 70, 425 A.2d 885 (1981) ("major contributing factor"); *Refosco v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 74, 425 A.2d 887 (1981) ("substantial contributing factor"); *Vargo v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 77, 425 A.2d 888 (1981) ("contributed in a substantial or significant manner").

Recently, however, our court, sitting en banc, in *Evon v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 325, 453 A.2d 55 (1982), confronted what had been an indefinite standard for determining whether a claimant's death "resulted from" an occupational disease under the Act. There we expressly disapproved the declarations in *Elliott, Refosco* and *Vargo* that conditions which contribute to

---

[5] In explaining why the occupational disease was "one of the causes" of the claimant's death, Dr. Silverman said:

I think my review of the record indicated to me that the patient had developed pneumoconiosis, that he had developed pulmonary impairment as a result of his pneumoconiosis, and as a result of that, was in a more vulnerable position as far as developing pneumonia and in developing pneumonia. Once he did, he was in a more vulnerable position insofar as effective treatment or cure was concerned, and indeed in his particular case, the treatment failed with the complications of respiratory and renal failure, and he died.

death, but are not related to the immediate cause of death, are insufficient to support an award,[6] and said:

Neither section 301(c)(2) nor any other provision of The Pennsylvania Workmen's Compensation Act requires that the death or disability be solely caused by the occupational disease, or that the occupational disease itself must be the active agency which terminates life or brings about disability. Likewise the statutes do not exclude death as compensable where the occupational disease is the contributory or accelerating cause. The important factor is that there shall be a causal relationship between the disease and the death or disability.

*Id.* at 328, 453 A.2d at 57.

In *Evon,* we cited *Duquesne Light Co. v. Gurick,* 46 Pa. Commonwealth Ct. 150, 405 A.2d 1358 (1979), to indicate that a claimant has established a causal relationship where he demonstrates that the occupational disease was "a cause of death." *Accord, Celotex Corp. v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 407, 453 A.2d 373 (1982). Thus, the claimant here has met the legal standard to establish that his death resulted from the occupational disease.

Accordingly, we affirm the decision of the board.

ORDER

Now, March 31, 1983, the order of the Workmen's Compensation Appeal Board, No. A-78602, dated July 15, 1982, is affirmed.

---

[6] *Crucible Steel* relied on our decisions in *Elliott* and its progeny to establish that a claimant must show that the occupational disease was a major or substantial contributing factor in his death. The standard used in that decision, which was a plurality opinion, preceded our decision in *Evon* and, is no longer applicable, to the extent that it varies from the standard expressed in *Evon.*