515 A.2d 93

Mary Weishar, Widow of Edward Weishar *v.* Allegheny Pittsburgh Coal Company and Commonwealth of Pennsylvania, Bureau of Workers' Compensation. Commonwealth of Pennsylvania, Bureau of Workers' Compensation, Appellant.

Argued March 11, 1986, before President Judge CRUMLISH, JR., Judges ROGERS and COLINS, sitting as a panel of three.

*Paul E. Baker,* Assistant Counsel, for appellant.

*Ronald J. Zera,* with him, *Ada Guyton,* for appellee.

OPINION BY JUDGE ROGERS, September 16, 1986:

The Commonwealth of Pennsylvania, Department of Labor and Industry, appeals from an order of the Court of Common Pleas of Westmoreland County. The court, reversing an order of the Workmen's Compensation Appeal Board (board), reinstated a referee's award to Mary Weishar (claimant) of $750 toward the expenses for the burial of her husband, Edward Weishar.

In 1968, the claimant's husband, Edward Weishar, filed a claim petition under the Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §§1201-1601.1, alleging that he was totally disabled by pneumoconiosis and silicosis. Mr. Weishar was awarded benefits which were duly paid him during his lifetime. The referee had ordered that Mr. Weishar's employer, Allegheny Pittsburgh Coal Company, pay 60% of the award and that the Commonwealth pay 40%, as provided in the circumstances by Section 308 of the Act, *as amended,* 77 P.S. §1408.

Following the death of her husband, the claimant filed a fatal claim petition pursuant to Section 307 of the Act, 77 P.S. §1407(8), seeking a total of $750 in burial expenses. She alleged that the decedent's death on December 3, 1979 resulted from "anthracosilicosis and/or coal worker's pneumoconiosis," and that the decedent had been employed by Allegheny Pittsburgh Coal Company for thirty-eight years in a hazardous occupation having a silica hazard.

At a referee's hearing, the claimant testified to the effect that her husband just before his death had had difficulty breathing, that he had problems walking up steps, and that he coughed a lot and brought up mucus. There was also evidence that the decedent had received monthly benefits, pursuant to the Black Lung Benefits Act, 30 U.S.C. §901, which, as his successor, the claimant continues to receive. No medical witness testified; but the claimant offered into evidence her husband's death certificate, which was admitted without objection by the Commonwealth or the employer. The death certificate pertinently reads as follows:

MEDICAL CERTIFICATE

Part I. Death was caused by:

Immediate Cause (a) Massive Gastric Intestinal Hemorrhage

Due to (b) Hepatic Failure with Esophageal Varices

Due to (c) Leannac's Cirrhosis

Part II. *OTHER SIGNIFICANT CONDITIONS: contributing to death but not related to the immediate cause* given in Part I (a)

*Coal Workers Pneumoconiosis with Progressive Massive Fibrosis* (Emphasis supplied.)

The referee found that "coal workers' pneumoconiosis was one of the causes" of the decedent's death and awarded the claimant burial expenses of $750.00. The referee directed that the employer pay $450.00 (60% of the award) and that the Commonwealth pay $300.00 (40% of the award).

The board applied the then applicable standard for proof of causation set out in *Consolidation Coal Co. v. Workmen's Compenstion Appeal Board (Stajduhar),* 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978), to the effect that the claimant must supply medical evidence establishing that the decedent's death resulted from an

occupational disease, and that proof that the disease was a contributing factor only was insufficient. The board concluded that the "claimant's proof does not meet the burden" stated in *Consolidation Coal* and reversed the referee's order.

After the board had entered its order, the Supreme Court adopted a less stringent standard than that of *Consolidation Coal*. In a plurality opinion in *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983), specifically approved by a majority of the court in *Kusenko v. Republic Steel Corp.*, 506 Pa. 104, 484 A.2d 374 (1984), the Supreme Court held:

> Where there are multiple causes of death and the immediate cause was non-compensable, the requirements of §301(c)(2) may be met by a showing with unequivocal medical evidence that *the deceased suffered from an occupational disease and that it was a substantial, contributing factor among the secondary causes in bringing about death*. Proving merely . . . that the disease was or may have been a contributing factor is inadequate. (Emphasis supplied.)[1]

*Kusenko,* 506 Pa. 104, 107, 484 A.2d 374, 376.

---

[1] Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(2), provides in pertinent part as follows:

(2) The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act: Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease: And provided further, That if the employe's compensable

The Court of Common Pleas of Westmoreland County reversed the board's decision in this case and reinstated compensation, correctly applying the standard stated in *McCloskey* and *Kusenko*. The common pleas court concluded:

> (1) [the decedent's] award of disability benefits for pneumoconiosis and silicosis granted in 1972 establishes that the decedent suffered from occupational disease;
>
> (2) the death certificate . . . is unequivocal medical evidence that the occupational disease was a substantial contributing factor bringing about death.

Only the Commonwealth has appealed the trial court's order.

The sole question is that of whether the statement on Edward Weishar's death certificate that "coal workers pneumoconiosis with progressive massive fibrosis," was an "other significant condition . . . contributing to death but not related to the immediate cause" satisfies the *McCloskey-Kusenko* standard that the occupational disease be "a substantial, contributing factor among the secondary causes in bringing about death." We conclude that it does.

The Commonwealth cites *Hauck v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 554, 408 A.2d 585 (1979), a pre-*McCloskey-Kusenko* case which expressly relied on the discarded *Consolidation Coal* holding that a contributing cause of death was not compensable. The death certificate in *Hauck,* just as the certificate in this case, described the occupational disease as an "other significant condition . . . contributing to death but not related to the immediate cause." In

---

disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable.

*Hauck,* we said that "even if the certificate had been properly admitted, it would only be evidence that decedent's anthracosilicosis contributed to his death." Hence the death certificate in this shows that Mr. Weishar's coal workers pneumoconiosis was a contributing factor in bringing about death.

Further support for our holding that "a significant condition contributing to death" satisfies the *McCloskey-Kusenko* standard of "a substantial, contributing factor among the secondary causes in bringing about death" is to be found in Webster's Third New International Dictionary (1966), which gives as synonyms of the word "significant" the words "important" and "weighty," and for the word "substantial" the words "material" and "real." We discern no substantial or significant difference in meaning among any of these words in the context of this case.

The benefits meant to be provided by remedial legislation such as the provisions here under consideration surely should not be granted, on the one hand, and withheld, on the other, on the basis of a formulary use of words and phrases. It is the substance, the real meaning, which should control. The substance here is that Mr. Weishar's condition of pneumoconiosis was, we believe, based on the evidence of the death certificate's description of it, more than a mere contributing cause; it was a substantial contributing cause of his death.

We affirm the order of the Court of Common Pleas of Westmoreland County.

ORDER

AND NOW, this 16th day of September, 1986, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.