544 A.2d 1111

Carrier Coal Enterprises, Petitioner *v.* Workmen's Compensation Appeal Board (Balla), Respondents.

202

Submitted on briefs January 19, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Hugh F. Mundy, Dougherty, Mundy & Leventhal,* for petitioner.

*Thomas S. Cometa, Cappellini and Cometa,* for respondents.

OPINION BY JUDGE SMITH, July 27, 1988:

Carrier Coal Enterprises (Employer) appeals from a Workmen's Compensation Appeal Board (Board) decision affirming the referee's award of benefits to John B. Balla (Claimant) under The Pennsylvania Occupational Disease Act (Act).[1] Questions presented for review pertain to the referee's determination as to when notice of Claimant's disability was given to Employer and whether the referee exceeded the scope of the Board's remand order.

Claimant was employed as a fireman and pump operator for Employer from December, 1975 until May 31, 1977.[2] He initially filed a claim petition under Section 108 of the Act, 77 P.S. §1208, on February 20, 1981 alleging total disability from black lung disease as of May 31, 1977. Claimant voluntarily withdrew this petition, and an order dated April 8, 1982 was entered withdrawing the petition without prejudice. Claimant filed a new petition under Section 108 on March 31, 1982 alleging total disability from anthracosilicosis as of February 13, 1981.

The referee initially found that Employer received notice of Claimant's disability on April 5, 1982; that

---

[1] Act of June 21, 1939, P.L. 566, No. 284, 77 P.S. §§1201-1603.

[2] Claimant was previously employed by Blue Coal Corporation from September 11, 1942 to April 6, 1973 and later by Muskin Pools from March, 1978 to June, 1979.

Claimant became permanently and totally disabled from anthracosilicosis on February 13, 1981 due to the accumulated effect of his exposure to silica hazard from all of his employers; and that Claimant was entitled to permanent and total disability benefits. Referee's Decision of April 4, 1983, Findings of Fact Nos. 4, 6; Conclusion of Law No. 2. The Board by order dated July 5, 1984 reversed and remanded to the referee to determine the date Claimant learned of his work-related disability and whether Claimant complied with the Act's 120-day notice provision. The referee's other findings were affirmed and not to be changed by the referee.

On remand, the referee found that Claimant learned of his work-related disability on February 13, 1981 when so informed by his physician. The referee also determined that Finding of Fact No. 4, previously affirmed by the Board, was in error and, without taking additional evidence, found that the date of Claimant's notice of disability to Employer was February 20, 1981 instead of April 5, 1982. Referee's Decision of January 17, 1985, Finding of Fact No. 2. As a result, the referee determined that Claimant met the Act's 120-day notice provision and again awarded benefits. The Board thereafter concluded that the remand order was overly restrictive and that the referee committed no error in exceeding its scope. The Board affirmed the referee, but deleted Finding of Fact No. 5 as inconsistent and an obvious typographical error.[3] Employer then petitioned this Court for review.

This Court's scope of review of Board decisions in a workers' compensation occupational disease case is limited to determining whether an error of law was committed, whether any necessary findings of fact are not

---

[3] Finding of Fact No. 5 was a repeat of the referee's earlier finding that notice was given to Employer on April 5, 1982 which he determined was an error.

supported by substantial evidence, or whether constitutional rights have been violated. *Bucyrus-Erie Company v. Workmen's Compensation Appeal Board (Gourn)*, 106 Pa. Commonwealth Ct. 185, 525 A.2d 881 (1987). Moreover, where the Board, as here, takes no additional evidence, the ultimate fact-finder is the referee whose findings of fact, if supported by substantial evidence, must be accepted. *Sokol v. Workmen's Compensation Appeal Board (State Regional Correctional Facility)*, 91 Pa. Commonwealth Ct. 396, 497 A.2d 670 (1985).

Employer initially contends that Claimant had actual knowledge of his work-related disability by May of 1977 and not February 13, 1981, the date Claimant received medical confirmation of his condition; and therefore, Claimant is ineligible for compensation since his notice of disability to Employer was untimely. Employer cites testimony by Claimant that he had work-related breathing problems in May of 1977 which interfered with his work performance. N.T., pp. 56-68. Timely notice of disability to Employer is a mandatory prerequisite to recovery of benefits. *Arcadia Coal Company v. Workmen's Compensation Appeal Board (Kubalic)*, 79 Pa. Commonwealth Ct. 148, 468 A.2d 906 (1983). Whether notice has been given is a question of fact and where the referee, as here, concludes that notice was proper, this Court must determine whether substantial evidence exists in the record to support that finding. *Thomas v. Workmen's Compensation Appeal Board (Atlantic Refining Company)*, 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980).

Section 311 of the Act, 77 P.S. §631, provides in pertinent part:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, . . . shall give notice thereof to the employer . . . within one hundred

and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from any . . . cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.

Mere suspicion, or even certain knowledge of disease or disability by Claimant, standing alone, does not trigger the notice period contrary to Employer's assertion otherwise. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Zacek)*, 47 Pa. Commonwealth Ct. 74, 407 A.2d 117 (1979). Even if Claimant inferred that he had a disease while still working, he had no reason to know that his total disability was caused by anthracosilicosis until so informed by a physician. *Consolidation Coal Company v. Workmen's Compensation Appeal Board (Mountain)*, 47 Pa. Commonwealth Ct. 64, 407 A.2d 134 (1979).

Claimant's physician, Dr. C. J. Aquilina, testified that Claimant's anthracosilicosis was causally related to his employment and that Claimant became totally and permanently disabled on February 13, 1981. N.T., pp. 23-24. According to Claimant's testimony, he was verbally informed on February 13, 1981 of his condition. N.T., p 51. We therefore find substantial evidence in the record to support the referee's determination, and no error by the Board, since the record indicates February 13, 1981 as the date Claimant first knew of his work-related anthracosilicosis within the meaning of Section 311.

Employer also contends that Claimant's new petition on its face violates Section 311 because the dates alleged indicate that notice to Employer was beyond the 120-day limitation period.[4] Although the referee's finding on notice is contrary to the date alleged in Claimant's new petition, meritorious claims should not fail, if possible, on purely technical grounds. *See Sheetz v. Workmen's Compensation Appeal Board (Firestone Tire & Rubber Company)*, 104 Pa. Commonwealth Ct. 411, 522 A.2d 146 (1987). Furthermore, the referee as fact-finder was empowered to issue his findings based upon relevant evidence presented of record. We therefore find no error by the referee or Board.

Employer next asserts that Claimant's initial, but subsequently withdrawn, claim petition alleges disability as of May 31, 1977, and that if notice was given to Employer on February 20, 1981 as found by the referee, then Claimant's present action is time-barred since filed beyond the three-year limitation period for filing a claim petition set forth in Section 315 of the Act, 77 P.S. §602. Employer contends that May 31, 1977 is the date which triggered Section 315. As the referee's finding that Claimant first learned of his work-related anthracosilicosis on February 13, 1981 is sufficiently supported by the record, such date therefore triggers both the 120-day notice period and the three-year statute of limitations contrary to Employer's assertion. *See Universal Cyclops Corporation v. Workmen's Compensation Appeal Board (Cherry)*, 97 Pa. Commonwealth Ct. 399, 509 A.2d 956 (1986); *see also Jones & Laughlin Steel Corporation v. Workmen's Compensation Appeal Board (Feiertag)*, 90 Pa. Commonwealth Ct. 567, 496 A.2d 412 (1985).

---

[4] Claimant's new claim petition alleges that his disability commenced on February 13, 1981 and that notice thereof was served on Employer by claim petition filed March 31, 1982.

Employer's final argument challenges as error the Board's affirmance of the referee's new finding regarding notice since it exceeded the scope of the Board's remand order. Subsequent findings as well as discussion by the referee in his post-remand decision clearly indicate that he initially erred in determining April 5, 1985 as the date Claimant first gave notice of his disability to Employer. Having corrected his error, the referee then determined that Claimant complied with the 120-day notice requirement in providing Employer notice via the initial, but subsequently withdrawn, claim petition dated February 20, 1981.

Findings of fact may be revised on remand without taking additional evidence, provided they do not contradict the referee's original findings and have sufficient foundation in the original record. *See and contrast McCloskey v. Workmen's Compensation Appeal Board (J.H. France Refractories, Inc.)*, 58 Pa. Commonwealth Ct. 29, 427 A.2d 288 (1981), *aff'd.* 501 Pa. 93, 460 A.2d 237 (1983). Since Claimant's initial claim petition was not attached to the original record reviewed by the Board, although previously incorporated therein, affirmance of the referee's original finding of notice was based upon an incomplete record. Had the initial claim petition been attached, the Board indicated that its remand order would have been fashioned differently. Board's Decision of October 24, 1986, p.3.

Consequently, even if the referee exceeded the scope of the Board's remand order, the Board properly concluded that under the circumstances no error of law was committed. Moreover, the Board concluded that although the referee exceeded the scope of the remand order, the broad interpretation thereof directed the referee to also relate his findings to the issue of notice. *See Borovich v. Colt Industries*, 492 Pa. 372, 424 A.2d 1237 (1981). Contrast the narrowly tailored remand order in

*Glabern Corporation v. Workmen's Compensation Appeal Board (Moccia)*, 84 Pa. Commonwealth Ct. 381, 479 A.2d 77 (1984) where this Court held that the referee committed an error of law in exceeding the Board's remand order limited to determining the difference between the claimant's pre-injury wages and that of work found to be available to him, and then ascertaining what amount was due the claimant for partial disability. The referee in *Glabern*, unlike the referee here, attempted to retry an issue too remotely related to the board's narrowly tailored directive. Also, unlike the instant case, the referee in *Glabern* took additional testimony and the Board attempted to treat the referee's second decision as an advance disposition of a predicted reinstatement petition which this Court held to be improper.

Because the record contains substantial evidence to support the referee's findings and no error of law was committed, the Board's decision is affirmed.

ORDER

AND NOW, this 27th day of July, 1988, the order of the Workmen's Compensation Appeal Board dated October 24, 1986, is affirmed.