Republic Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Joseph Massimino and Commonwealth of Pennsylvania, Respondents.

Argued November 3, 1978, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*Edward A. McFarland*, with him *Ralph A. Davies*, and *Thomson, Rhodes & Grigsby*, for petitioner.

*Terry C. Cavanaugh*, with him *Kenneth J. Yablonski*, *William C. O'Toole*, and *Sandra Christianson*, Assistant Attorney General, for respondents.

Opinion by Judge Rogers, January 30, 1979:

Republic Steel Corporation (Republic) has appealed from an order of the Workmen's Compensation Appeal Board setting aside a referee's award of benefits to Joseph Massimino and remanding the case to the referee for the appointment of an impartial physician. The general rule is that an order of the Board

remanding a matter to a referee is interlocutory and that an appeal from such an order should be quashed. *American Can Company v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 169, 389 A. 2d 263 (1978). Republic argues that this case falls within an exception to the general rule applicable to cases where either under the undisputed facts (*United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973)), or clear law (*Flynn v. Asten Hill Manufacturing Co.,* 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978)), but one result could obtain and the remand would merely cause fruitless further proceedings. After an examination of the record of these proceedings and the law we are satisfied that this case does not fall within the narrow exception mentioned and we will therefore quash Republic's appeal.

Massimino worked in the coal mining industry for 47 years and was last so employed by Republic. He filed a claim petition under The Pennsylvania Workmen's Compensation Act[1] alleging total and permanent disability from coal worker's pneumoconiosis. A referee awarded him compensation for total disability caused by coal worker's pneumoconiosis and assessed the award equally against the Commonwealth and Republic.

Republic appealed. The Workmen's Compensation Appeal Board observed that although Massimino's medical witness in a written report stated Massimino was totally disabled by coal worker's pneumoconiosis, he later testified that he believed that Massimino suffered from coal worker's pneumoconiosis without further testifying that Massimino was disabled thereby. It further observed that the same witness was "infirm" in his diagnosis of coal worker's pneumoconio-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

sis. The Board concluded that "the determination of the referee is not based upon substantial competent evidence." As we have already noted, the Board remanded with directions that an impartial physician be appointed to examine Massimino and to testify concerning whether he suffered from pneumoconiosis and, if so, its cause and effect. Republic has appealed.

In order to fully understand the Board's decision and Republic's thesis, it is necessary to explain that Massimino's medical witness's written report was offered into evidence and was admitted by the referee over Republic's objection to it on the ground of hearsay and for want of opportunity to cross-examine. The written report included the doctor's opinion that Massimino was totally disabled due to coal worker's pneumoconiosis. The same medical witness was later, apparently by agreement of the parties, deposed and a full opportunity for cross-examination then afforded. No further ruling with respect to the admissibility of the written report was made by the referee or, on appeal, by the Board although its admission by the referee was assigned as error by Republic in its appeal to the Board. However, it seems to us that the Board's reference to the discrepancy between the doctor's written report and his testimony with respect to whether Massimino was totally disabled by coal worker's pneumoconiosis and the Board's conclusion that the referee's award was not supported by substantial competent evidence taken together strongly suggest that the Board concluded that the written report was not to be considered either because it was improperly admitted or because it was supplanted in its entirety by the doctor's later deposition. Republic ignores this subject as being a basis for the Board's conclusion that there was not substantial evidence in the record and refers to the Board's observation that the medical witness's testimony that Massimino suffered from coal

worker's pneumoconiosis was infirm as the only basis for its action remanding the record for impartial medical evidence. Republic then directs our attention to Sections 423(1), 77 P.S. §§853(1) and 423(2), 77 P.S. §853(2) of the Act providing, respectively, that parties appealing to the Board may raise either error of law or want of sufficient competent evidence. It next points to the fact that its appeal to the Board raised an alleged error of law committed by the referee in considering the doctor's testimony under Section 423 (1) and did not raise the want of substantial evidence supporting the referee's award under Section 423(2). Citing Section 424, 77 P.S. §855, providing that where the appeal is based on an alleged error of law the Board "shall either sustain or reverse the referee's award or disallowance of compensation, or make such modification thereof as it shall deem proper" Republic says that the Board had no power to remand. Stated in other words, Republic contends that because it raised what it asserts was an error of law, the Board, having agreed that the referee erroneously considered the medical witness's uncertain testimony, could, under Section 424, only reverse the award and was powerless to remand.

There are a number of things fatally wrong with Republic's thesis. First, as we have said, the Board seems to us to have set aside the award and remanded for impartial medical evidence because Massimino failed to prove any disability due to coal worker's pneumoconiosis. The effect of this failure was surely to produce a record which did not contain substantial competent evidence supporting a necessary finding. We held in *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), that while the Board may not remand for impartial medical evidence where the referee's award is supported by sub-

stantial competent evidence, it may remand for that purpose where the award is not so supported. The latter proposition is this case.

Next, we do not agree that Section 424 of the Act means that the Board may not in addition to reversing the order appealed from, remand matters for additional evidence simply because the appellant has denominated the point raised on appeal as an error of law. Assuming that the referee committed an error of law in not excluding the claimant's doctor's testimony that the claimant suffered from coal worker's pneumoconiosis (although Republic made no objection or motion to strike at the hearing), the ultimate result of a correction of that assumed error would be the creation of a record lacking substantial competent evidence supporting the referee's award—bringing us back to the principle that the Board may remand where the referee's award is not supported by substantial competent evidence.

Appeal quashed.

### ORDER

AND Now, this 30th day of January, 1979, it is ordered that the appeal of Republic Steel Corporation be and it is hereby quashed.