Colt Industries, Petitioner *v.* Albert Borovich and Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Respondents.

Argued May 7, 1979, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Joseph A. Fricker, Jr.*, for petitioner.

*William R. Caroselli*, with him *McArdle, Caroselli, Spagnolli & Beachler*, for respondents.

OPINION BY JUDGE MACPHAIL, July 30, 1979:

Albert Borovich (Claimant) filed a claim petition under the provisions of Section 108 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 17, 1972, P.L. 930, *as amended*, 77 P.S. §27.1, seeking compensation for total disability due to silicosis, anthraco-silicosis and pulmonary emphysema resulting from exposure to hazards in his employment as a coal handler and as a carpenter in the steel industry. The referee denied compensation, finding as a fact that although Claimant was disabled as a result of pulmonary emphysema and cor pulmonale,[1] those diseases "in the absence of pneumocotic [*sic*] process" were not related to or causally connected to Claimant's employment. The referee also found as a fact that the preponderance of the competent and credible testimony indicated that Claimant was not either totally or partially disabled from occupational

---

[1] The referee also found that Claimant was *not* disabled totally or partially from pneumoconiosis (neither silicosis nor anthracosilicosis). Claimant did not appeal that finding.

diseases causally related to his employment. The referee concluded as a matter of law that Claimant was not disabled totally or partially from an occupational disease within the meaning of Section 108 of the Act.

Claimant appealed from the referee's findings of fact and also alleged that the referee erred as a matter of law when he "implied" that emphysema and cor pulmonale, in the absence of a "pneumoconiotic [sic] process," can never be an occupational disease. The Board agreed with Claimant, holding that there were "inconsistencies" (which were not specified in the Board's opinion) in the referee's findings of fact and that the referee erroneously concluded that pulmonary emphysema and cor pulmonale, "in the absence of a pneumoconiotic [sic] process," is not a compensable disease under Section 108 "of the Occupational Disease Act."[2] The Board held that if proper evidence and testimony is presented, pulmonary fibrosis and emphysema and cor pulmonale . . . are compensable occupational diseases under the Workmen's Compensation Act." In support of that language the Board cited Dunn v. Merck and Co., Inc., 463 Pa. 441, 345 A.2d 601 (1975).[3] The Board remanded the case to the referee to make additional findings of fact "consistent with this opinion."

At the remand hearing the referee accepted an additional medical report to which he did not refer in

---

[2] The Pennsylvania Occupational Disease Act (PODA), Act of June 21, 1939, P.L. 566, as amended, 77 P.S. §1201 et seq. Obviously, the Board was in error in referring to PODA, since Claimant's petition was filed under the provisions of the Act. In its opinion the Board likewise quoted from Section 108(n) of the "Pennsylvania Occupational Disease Act" when, in fact, the quotation is from Section 108(n) of the Act.

[3] The Board's reliance on Dunn v. Merck and Co., Inc., supra, is misplaced. That case dealt with a claim under PODA. We had held that pulmonary emphysema would be an occupational disease within the meaning of Section 108(n) of PODA if the claimant

his second decision. No other evidence was presented. He found as facts in his second decision that Claimant *was* disabled from performing his regular occupation due to pulmonary emphysema which resulted from his exposure to noxious dusts and fumes during the course of his employment, that that disease was causally related to Claimant's occupation and that the incidence of the disease was substantially greater in Claimant's occupation than in the general population. The referee based his findings on the "competent and credible testimony and opinions of *Dr. Kalla.*" Colt Industries (Employer) appealed the referee's decision to the Board and the Board affirmed on the basis of the testimony of *Dr. Silverman.*

In its appeal to us, Employer contends that the Board's remand order after the first decision by the referee was erroneous and that the referee's second decision was in error because he made different findings of fact in the second decision based on the same testimony that he had before him when he made his first decision.

Before ruling on the first issue, we must determine what the referee really decided, since, if his findings of fact are supported by substantial evidence, the Board was without authority to disturb them. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352,

demonstrated that the disease was peculiar to his occupation by its causes and the characteristics of its manifestation. In reversing our decision that the claimant had failed to meet his burden of proof, our Supreme Court held that we had improperly involved ourselves in the fact finding process. Because of the obvious differences in the statutory language between the two acts, the *Dunn* case must be distinguished from the one now before us because the issue in the present case is not whether Claimant proved his claim, but rather whether the referee's conclusion that Claimant had *not* proved his claim required a capricious disregard of competent evidence.

336 A.2d 440 (1975). Dr. Shively, testifying for Employer, found no disabling lung disease of any kind in Claimant "whether or not occupationally related." On cross-examination Dr. Shively was asked:

Q. I just want to be clear. So when you talk about occupationally-related diseases, we're talking about dust-related diseases as opposed to diseases as a result of some fumes or non-particulate matter?

A. Well, when I'm talking about occupationally-related diseases, I'm talking about *pneumoconiosis evidence* after deposition of particulate matter in the lungs. Yes. (Emphasis added.)

As we have noted, the Board held that pulmonary fibrosis can be a compensable occupational disease as long as the evidence discloses that the three requirements of Section 108(n) are met, to wit: (1) the disease is one to which claimant is exposed by reason of his employment, (2) the disease is causally related to the industry or occupation of the claimant and (3) the incidence of the disease is substantially greater in the claimant's industry or occupation than in the general population. The Board concluded from the referee's use of the words "in the absence of pneumoconiotic [sic] process" that he had improperly added a fourth requirement.

We agree with Employer that such was not the case. What the referee actually did was to find no causal relationship between Claimant's disease and his employment. The reference to "pneumoconiotic [sic] process" was solely to support his finding that there was no proof of causal relationship between the disease and Claimant's employment. In short, the referee believed the testimony of Dr. Shively and gave that testimony more weight than the other medical testimony he heard. We conclude that the Board was in

error when it ordered a remand of the referee's initial decision.[4]

Likewise we agree with Employer that the referee erred when, on the basis of the same testimony he heard prior to the Board's remand order, he concluded that Claimant's pulmonary emphysema *was* causally related to his employment. It is true, as the referee found in his second decision, that Dr. Kalla testified that Claimant's disease was causally related to his employment. That testimony, however, is in direct conflict with the testimony of Dr. Shively. The referee's conclusion in his second decision that Claimant's pulmonary emphysema[5] was causally related to his employment is in direct conflict with his original finding, based upon the same testimony, that the preponderance of that testimony indicated that Claimant was neither totally nor partially disabled from occupational diseases causally related to his employment. If the case had been properly remanded and the referee had made his second decision on the basis of additional testimony he received at the remand hearing,

---

[4] The Board's authority to remand a referee's decision solely on the basis of a referee's alleged error of law is also subject to limitation. Section 424 of the Act, 77 P.S. §855, states that when the appeal to the Board is based upon an error of law, the Board "shall either sustain or reverse the referee's award or disallowance of compensation, or make such modification thereof as it shall deem proper." Although Section 424 was discussed by our court in *Republic Steel Corp. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 292, 396 A.2d 916 (1979), we did not clearly decide whether Section 424 would authorize a remand order. However, since the extent of the Board's authority under Section 424 has not been raised in this appeal, we need not and cannot decide that issue in this case. *Brose v. Easton Parking Authority*, 44 Pa. Commonwealth Ct. 24, A.2d (1979).

[5] Since the referee's second decision, affirmed by the Board, is limited to a determination of pulmonary emphysema as an occupational disease to the exclusion of cor pulmonale, we need not discuss further the implications of cor pulmonale in this opinion.

that would have been an entirely different matter. In our opinion the Board did little to support the referee's second decision when it failed to mention the testimony of Dr. Kalla in its opinion, but instead held that it was the testimony of Dr. Silverman that proved Claimant's case. The Board's reliance on that testimony is particularly difficult for us to accept in view of the referee's specific finding of fact that Dr. Silverman "failed to indicate the degree of disability resulting from the emphysemous [sic] process."

We conclude that: (1) the Board erred when it ordered a remand hearing after the referee's initial decision; and (2) the referee erred in making different findings in his second decision on the same evidence he had before him when he made his first decision. Either constitutes reversible error.

Accordingly, we must reverse.

Judge DiSalle dissents.

### Order

And Now, this 30th day of July, 1979, the order of the Workmen's Compensation Appeal Board dated August 31, 1978, granting compensation to Albert Borovich is reversed and his claim is hereby denied.