424 A.2d 1237

Albert BOROVICH, Appellant,

v.

COLT INDUSTRIES, Appellee,

**and**

Commonwealth of Pennsylvania.*

Supreme Court of Pennsylvania.

Argued Sept. 25, 1980.

Decided Jan. 30, 1981.

---

* The Commonwealth of Pennsylvania had originally been joined as a defendant but was held not liable in the Referee's final award.

William R. Caroselli, McArdle, Caroselli, Spagnolli & Beachler, Pittsburgh, for appellant.

Joseph A. Fricker, Jr., Pittsburgh, for Colt Industries.

Before O'BRIEN C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

NIX, Justice.

This is an appeal from an order of the Commonwealth Court, 44 Pa.Cmwlth. 493, 403 A.2d 1372, reversing an award of the Workmen's Compensation Appeal Board to appellant under the Pennsylvania Workmen's Compensation Act.[1] The appellant, pursuant to 42 Pa. C.S.A. § 724(a), petitioned this Court to review the Commonwealth Court's decision. The petition to review was granted, and after the filing of briefs and oral argument we now reverse the order of the Commonwealth Court for the reasons that follow.

Albert Borovich, appellant, filed a complaint against Colt Industries, his former employer, and the Commonwealth of Pennsylvania alleging total disability due to the contracting of the diseases of silicosis, anthraco-silicosis and pulmonary emphysema arising from his employment. The matter, after the filing of responsive pleading, was referred to a Referee, who, upon hearing, determined that appellant was not entitled to recover compensation under the Act. Appellant

---

1. Act of June 2, 1915, P.L. 736, § 101 *et seq.*, as amended, 77 P.S. § 1 *et seq.*

appealed the Referee's finding to the Workmen's Compensation Appeal Board. The Board remanded the matter to the Referee with the direction that the Referee, "make additional findings" relating to appellant's entitlement under section 108(n) of the Act.[2] After remand the Referee filed a second decision in which he found that appellant was suffering from pulmonary emphysema as a result of exposure to various dusts and fumes during his employment and determined that appellant was entitled to compensation. The employer, Colt Industries, appealed to the Board which affirmed the Referee's conclusions. An appeal was thereupon taken to the Commonwealth Court.

The Commonwealth Court's reversal was based on two grounds: (a) that the Workmen's Compensation Appeal Board had improperly remanded the Referee's first decision and (b) that the Referee's second decision was in error because he contradicted his earlier findings of fact without having the benefit of further testimony on the subject. We disagree with both of these conclusions.

Turning first to the propriety of the Board's remand, § 419 of the Act, as amended, provides in pertinent part:

> The board may remand any case involving any question of fact arising under any appeal to a referee to hear evidence and report to the board the testimony taken before him or such testimony and findings of fact thereon as the board may order.

77 P.S. § 852 (Supp. 1980–81).

This section has been viewed as vesting virtually plenary remand power in the Board where it is determined that further factual findings are required to establish the entitlement to an award. *Royal House Pizza v. Workmen's Compensation Appeal Board*, 40 Pa.Cmwlth. 82, 396 A.2d 884 (1979); *Johnson v. Bethlehem Mines Corp.*, 28 Pa.Cmwlth. 637, 369 A.2d 910 (1977); *Forbes Pavilion Nursing Home,*

2. 77 P.S. § 27.1(n) (Supp. 1980–81).

*Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Cmwlth. 352, 336 A.2d 440 (1975).[3]

■ Any objection to the remand in this case pales when the full extent of the Board's power over the resolution of factual disputes, under the 1972 amendments, is fully appreciated.[4] The Board has the option to employ its own evidentiary hearing and review powers with regard to the resolution of fact questions, and free itself of the constraints of a referee's findings, if the referee's findings of fact are not supported by competent evidence.[5] The Board also has broad discretion under its review powers to order a hearing *de novo* or remand for rehearing.[5a] 1 Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease*, § 6.24(7) (1975). Assessed in this context the weakness of the Commonwealth Court's first prong of its decision is evident.

The pertinent findings in the original decision of the Referee were:

Finding 21:

**3.** The Commonwealth Court has established that remand orders are interlocutory in nature, and appeals therefrom are quashed unless they fall within the exception in *Riley Stoker Corp. v. Workmen's Compensation Appeal Board*, 9 Pa.Cmwlth. 553, 308 A.2d 205 (1973) (where the appeal from the referee's order is beyond the time for such an application), or *United Metal Fabricators, Inc. v. Zindash*, 8 Pa.Cmwlth. 339, 301 A.2d 708 (1973) (where remand would serve no purpose except delay).

**4.** The 1972 amendments did provide for a change in the power of the Board to review and substitute its findings of fact for those of the referee. In the past, the Board could substitute its findings with uncontrolled discretion. The new language of section 423, 77 P.S. § 854, provides that the Board may disregard the findings of the referee if not supported by competent evidence or if additional testimony is taken before the Board. Nevertheless, even with this limitation the Board's power to be the arbitrator of the facts is virtually plenary since its decision to take additional testimony does not appear to be restrained.

**5.** Section 423 of the Act, 77 P.S. § 854 (Supp. 1980–81); *McGartland v. Ampco-Pittsburgh Corp.*, 489 Pa. 205, 206, 413 A.2d 1086, 1087 (1980).

**5a.** Section 425 of the Act, 77 P.S. § 856 (Supp. 1980–81).

In reviewing the conflicting medical testimony presented in this case, your Referee is cognizant of the fact that Dr. Silverman classified his x-ray of the claimant's lungs as 1/0, indicating that although he found evidence of pneumoconiosis on the x-ray, that another specialist in pulmonary diseases or radiologist could and might read the same x-ray as normal and classify it as 0/0. Both Dr. Shively and Dr. Kalla classified their respective x-rays as 0/0 indicating that there was no doubt that the x-rays in question were normal. The respective pulmonary studies, which the doctors interpreted, varied with Dr. Silverman interpreting him as abnormal; Dr. Shively's was interpreted as above normal and Dr. Kalla's was interpreted as normal. This leads your Referee to believe and find that the claimant is not disabled either totally or partially from pneumoconiosis; either silicosis or anthracosilicosis.

Finding 23:

Opposing medical experts agree that their x-rays are compatible with or suggestive of radiographic evidence of pulmonary emphysema, although they disagree as to the extent or causation of said disease.

Finding 24:

Opposing medical experts disagree as to whether or not the claimant suffers from cor pulmonale; Dr. Silverman diagnosed early cor pulmonale; Dr. Shively, based on the history and physical findings, found no evidence of cor pulmonale and Dr. Kalla found that the electrocardiogram tracings were suggestive of cor pulmonale.

Finding 25:

Your referee finds that, although the claimant suffers as a result of pulmonary emphysema and cor pulmonale, said diseases and resulting disability, in absence of the pneumocotic process is not related to or causally connected to his employment in the coal handling operation or carpenter operation in the steel industry.

Appellant argued to the Board that the decision contained inadequate or at least ambiguous findings of fact. He argued that Finding No. 25 did not adequately adjudicate

the claim under the omnibus subsection of section 108. Specifically, it was argued that the Referee's reference to the "absence of pneumocotic (sic) process" would suggest that he may have been laboring under the misconception that there must be evidence of pneumoconiosis before disabling emphysema or cor pulmonale could be compensable under section 108(n).

To the contrary, it is clear that emphysema, as a separate and distinct disease, not involving pneumoconiosis, may be a compensable injury if: (a) the employee was exposed to the disease by reason of his employment; (b) that the disease was causally related to the industry or occupation; and (c) the incidence of the disease is substantially greater in that industry or occupation than in the general population. *Imperial Food Products v. Tomarelli*, 28 Pa. Cmwlth. 150, 367 A.2d 732 (1977); *Scobbo v. Heppenstal*, 22 Pa.Cmwlth. 109, 348 A.2d 169 (1975); *Williams v. Spaulding Bakeries, Inc.*, 464 Pa. 29, 346 A.2d 3 (1975). Even before the third criteria of section 108(n) was liberalized under the 1972 amendments—from an occupational disease "not common to the general population" to a disease "the incidence" of which "is substantially greater" in the particular "industry or occupation than in the general population"—this Court ruled in *Dunn v. Merck & Co., Inc.*, 463 Pa. 441, 345 A.2d 601 (1975) that pulmonary emphysema could be an occupational disease within section 108(n) if the claimant could demonstrate the disease was peculiar to his occupation by its "cause and characteristics of its manifestations." Thus, appellant properly asserted the vacua in the original findings of the Referee, which would justify an ultimate finding that the emphysema was not causally connected to the employment under the provisions of section 108(n). The Board correctly responded by remanding the matter and directing the Referee to determine whether the criteria under section 108(n) had been met.

The appellee-employer insists that Finding No. 25 represented the Referee's conclusion that there was no causal connection between the employment and the pulmonary

emphysema and that further clarification was unnecessary. This position clearly cannot withstand scrutiny. First, the appellant's objection to the Referee's decision was timely filed, thus it was properly before the Board for consideration and appropriate disposition. *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa.Cmwlth. 533, 308 A.2d 205 (1973). Second, it cannot be here charged that the only purpose served by the remand was to delay the ultimate resolution of the cause. *United Metal Fabricators, Inc. v. Zindash,* 8 Pa.Cmwlth. 339, 301 A.2d 708 (1973). As stated, the absence of evidence of pneumoconiosis did not conclusively establish that appellant was not entitled to compensation for the disability resulting from pulmonary emphysema. Finding No. 25 acknowledged the disability and recognized that it resulted from the disease. The original findings did not reflect that the Referee considered the criteria established under section 108(n) but rather his reference to the "pneumocotic (sic) process" in Finding No. 25 suggested strongly that the Referee determined appellant's ineligibility solely on the basis of the absence of pneumoconiosis.[6] In any event, the initial findings of fact did not clearly set forth the basis for a rejection of the claim under section 108(n). In such a posture there can be no question of the propriety of the Board's decision to remand for further findings of fact under section 419.

6. If the Referee interpreted the absence of pneumoconiosis as an indication that one or more of the preconditions required under section 108(n) had not been met, that fact should have been clearly articulated. The Board was not required to speculate as to the Referee's conclusions.

> When the factfinder in an administrative proceeding is required to set forth his finding in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision. An appellate court or other reviewing body should not infer from the absence of a finding on a given point that the question was resolved in favor of the party that prevailed below, for the point may have been overlooked or the law may have been misunderstood at the ... hearing level.
>
> *Page Dept. Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975).

■ The other question to be resolved is whether the Referee erred when, on the basis of the testimony he heard prior to the Board's remand order, he concluded in his second decision that appellant's pulmonary emphysema was causally related to his employment. This claim of error flows from appellee's basic premise that the initial decision reflected an acceptance by the Referee, in the first instance, of the testimony of Dr. Shively and a rejection of Dr. Kalla's opinion as to the causal relationship between the employment and the disease. The Commonwealth Court accepted this argument and ruled, in the alternative, "the referee erred in making different findings in his second decision on the same evidence he had before him when he made his first decision." [7] Since we reject the conclusion that the Referee's reference in Finding No. 25 to the absence of a "pneumocotic (sic) process" evidences a clear acceptance of Dr. Shively's views, we cannot accept the contradiction that this contention must rest upon.

On remand the Referee made the following pertinent findings:

Finding 29:

Your Referee after careful study and review of the extensive record contained in this case and in consideration of the aforementioned findings of fact, and especially the competent and credible testimony and opinions of Dr. Kalla, finds the claimant was disabled from performing his regular occupation as a carpenter on January 12, 1976 due to pulmonary emphysema which resulted from his total and cumulative exposure to various noxious dusts and fumes during all of his employment as a coal handler and carpenter.

Finding 30:

Your Referee further finds that the emphysema which disables the claimant is an occupational disease to which he was exposed by reason of his employment, that it is causally related to his occupation and the incidence of said

7. Although the Referee accepted an additional medical report at the remand hearing, he did not rely on this report in his second decision.

disease is substantially greater in his occupation than in the general population.

We do not conclude that these two findings are contradictory to the findings of fact made originally. The subsequent findings made it apparent that the Referee initially erroneously assumed that the absence of pneumoconiosis precluded the possibility of a compensable disease and made nor further inquiry as to appellant's eligibility under section 108(n). That misconception having been eradicated at the time of remand, the Referee then proceeded in terms of the language of section 108(n) to determine whether appellant was entitled to compensation for the pulmonary emphysema. The record originally before him supplied sufficient foundation for his ultimate determination that compensation should be awarded. That decision was properly affirmed by the Board.

Accordingly, the Order of the Commonwealth Court is reversed and the Award of the Workmen's Compensation Appeal Board is reinstated.

ROBERTS, J., concurred in the result.