580 A.2d 926

**Vincent SIMEONE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (UNITED PARCEL SERVICE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 6, 1990.

Decided Oct. 1, 1990.

---

James J. Gillespie, Jr., Pittsburgh, for petitioner.

Karen L. Hughes, Baginski & Bashline, Pittsburgh, for respondent.

Before CRUMLISH, Jr., President Judge, and PELLEGRINI, J., and SILVESTRI, Senior Judge.

CRUMLISH, Jr., President Judge.

Vincent Simeone appeals a Workmen's Compensation Appeal Board (Board) order upholding a referee's decision dismissing Simeone's petition to set aside a final receipt. Section 413 of The Pennsylvania Workmen's Compensation Act (Act).[1] We reverse.

Simeone, a United Parcel Service (UPS) heavy furniture delivery man, suffered a work-related back injury and received benefits until he returned to work. Approximately three weeks later, he signed a final receipt. Due to a lay-off he continued working for only another three weeks. Two years later, Simeone petitioned to set aside the final receipt, claiming that all disability resulting from his work-related injury had not ceased when he signed the final receipt.

After a hearing where both parties presented medical testimony, the referee found credible Simeone's testimony as well as that of his treating physician, Dr. Albert Smith, and set aside the final receipt as of the date Simeone filed his petition. The referee concluded:

The claimant has proven by credible, competent and substantial evidence that all disability as a result of a work-related injury of January 26, 1981 *in fact did not cease and terminate when he executed the final receipt* of March 10, 1981. The claimant was under a residual disability when he returned to work and suffered a reactivation of his work-related injury.

(Emphasis added.)

UPS appealed this decision to the Board, which remanded, on concluding that:

The referee's stated legal reason for setting aside the final receipt that the claimant suffered a reactivation of his work-related injury did not comport with statutory requirement that claimant prove that his disability had not terminated at the time the final receipt was executed, and thus a remand was required for the referee to restate

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 771.

his legal conclusion. *Altemose Co. v. Workmen's Compensation Appeal Board,* [60 Pa.Cmwlth. 511] 432 A.2d 267 (1981).

Beside this instruction, the remand order also directed that, at the referee's discretion, either party could present testimony germane to the case.

A second referee who was assigned to the case heard additional testimony from Simeone and reviewed the entire previous record. He found that Dr. Smith "did not and could not find or give a *credible* opinion ... as he had not examined the claimant" (emphasis added) until two years after the final receipt was signed.[2] He further found "more credible" the medical deposition of Dr. Samuel Granowitz, who had examined Simeone at the time of his injury and released him to work without restrictions as of February 16, 1981.[3] The second referee concluded

(2) [t]hat the claimant has failed to establish any disability resulting from the work related injury of January 26, 1981 had, in fact, not terminated when he executed the Final Receipt on March 10, 1981.

(3) [t]hat the claimant has failed to establish a recurrence of disability resulting from the work related injury of January 26, 1981, on or after February 16, 1981, the date that he returned to work for the defendant.

Referee's Conclusion of Law, Nos. 2 and 3, Decision 5/10/88.

The Board affirmed the referee concluding that, because Dr. Smith examined Simeone two years after he executed the final receipt Dr. Smith's testimony "could not be offered to apply to this standard of proof." [4]

Simeone contends it was legal error for the referee to make new credibility findings when the remand order was for the limited and specific purpose of restating a legal

2. Finding of Fact No. 35, Referee's Decision, 5/10/88.
3. Finding of Fact No. 35, Referee's Decision, 5/10/88.
4. Workmen's Compensation Appeal Board, Decision, 7/28/89 p. 4.

conclusion—not to review findings of facts or make new credibility determinations. We agree.

A claimant seeking to set aside a final receipt must show by credible, competent evidence that all disability due to the injury had not terminated when he signed the final receipt. *Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Co.)*, 86 Pa.Commonwealth Ct. 28, 483 A.2d 593 (1984). Here, the first referee found credible Dr. Smith's medical report and Simeone's testimony and concluded from that Simeone had met his legal burden.

The Board however ordered a remand pursuant to Section 419 of the Act, 77 P.S. § 852. This Court has interpreted Section 419 as empowering the Board to remand where the referee's findings are not supported by competent evidence or where the referee has not made a finding that is necessary for the proper application of the law. *Bechtel Power Corp. v. Workmen's Compensation Appeal Board*, 63 Pa.Commonwealth Ct. 581, 439 A.2d 1265 (1981). The Board may remand where the referee's stated legal conclusion is not in accordance with the Act's statutory requirement. *Altemose Co. v. Workmen's Compensation Appeal Board*, 60 Pa.Commonwealth Ct. 511, 432 A.2d 267 (1981).

In *Altemose*, the referee granted claimant's set-aside petition. However, the referee's legal conclusion *only* stated that claimant's disability had "reoccurred." Because the legal burden entitling one to benefits under a petition to set aside is different from that for a reinstatement petition, *see Cambria County Commissioners v. Workmen's Compensation Appeal Board*, 57 Pa.Commonwealth Ct. 409, 426 A.2d 249 (1981), this Court, sua sponte, remanded for a "restatement" of the referee's legal conclusion.[5] Although

---

5. A claimant seeking a reinstatement of benefits because of the *recurrence* of a prior work-related injury must prove "by precise and credible evidence of a more definite and specific nature than that upon which initial compensation was based" that his disability has recurred. *Jerry Green & Sons v. Workmen's Compensation Appeal Board*, 63 Pa.Commonwealth Ct. 263, 265, 437 A.2d 1279, 1280 (1981).

the Board relied on *Altemose* to justify its remand order, the Board's order here was proper only to the extent that it requested a "restatement" of the referee's legal conclusion. The Board's order, however, also directed the referee to allow either party to present testimony germane to the case. The referee used this opportunity to hold new hearings and then make new credibility determinations.

This Court has held that the Board's dissatisfaction with the referee's assessment of the witnesses credibility and the weight of the evidence will not justify a remand. *Schuster v. Workmen's Compensation Appeal Board (Lee Tire & Rubber Co.)*, 74 Pa.Commonwealth Ct. 56, 459 A.2d 846 (1983).

In *A & P Tea Co. v. Workmen's Compensation Appeal Board (Giglio)*, 114 Pa.Commonwealth Ct. 507, 539 A.2d 51 (1988), however, we held that, on remand, a second referee may reverse the initial referee's credibility determinations even where the second referee does not take additional evidence. We believe *A & P Tea*, is distinguishable because, there, it was explicit in the Board's remand order that factual issues needed to be resolved and that resolution of these issues necessarily involved reviewing the entire prior record. This consequently empowered the referee to make new credibility determinations, if warranted.

■ Because the Board's opinion does not indicate that further fact-finding is necessary or that substantial competent evidence is lacking, we hold that neither the Act nor authority interpreting it allowed the Board, on remand, to order the taking of additional testimony when it requested only a "restatement" of the referee's legal conclusion. *See* Section 419 of the Act, 77 P.S. § 852.

■ Our review of the first referee's findings and legal conclusion discloses that he clearly indicated Simeone had satisfied the legal burden necessary to set aside the final receipt. The record also plainly discloses that Simeone's

Thus, on *any date* for which testimony establishes recurrence benefits can be reinstated.

petition was filed as a Section 413 set-aside claim. Throughout his entire opinion, the first referee made only one reference to the "reactivation" of Simeone's work-related injury. Thus, the second referee needed only to review the record and arrive at a legal conclusion using the appropriate standard of proof. Credibility and the weighing of evidence were never at issue and should not have been collaterally reviewed. *Schuster.*

Accordingly, we reverse.[6]

SILVESTRI, Senior Judge, dissents.

## ORDER

The order of the Workmen's Compensation Appeal Board, No. A–96318, dated July 28, 1989 is reversed.

---

**6.** Because a remand order by the Board is interlocutory and, therefore, normally unappealable, Simeone did not appeal the initial Board order. *Zurn Industries v. Workmen's Compensation Appeal Board,* 45 Pa.Commonwealth Ct. 494, 406 A.2d 241 (1979). Thus, although we hold that the Board erred in stating its initial remand order too broadly, it also erred in upholding the referee's subsequent decision wherein new credibility findings were made.