595 A.2d 719

**Bernard E. SHUSTACK, deceased, Agnes Shustack, Widow, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (B–D MINING COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 17, 1991.

Decided July 18, 1991.

298

Thomas F. Toole, Shenandoah, for petitioner.

David E. Heisler, Scranton, for respondent.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

This is an appeal by Agnes Shustack (Claimant) from the order of the Workmen's Compensation Appeal Board (Board) revoking its prior order of May 8, 1989 and reinstating the referee's original decision of July 19, 1988 which dismissed Claimant's fatal claim petition.

Claimant's husband, Bernard E. Shustack (Decedent), was employed by various employers in the anthracite coal mining industry from 1945 until April 20, 1966, when he commenced employment with B–D Mining Company (Employer). While employed by Employer, Decedent held positions as a front-end loader operator and bulldozer operator. Decedent's last day of work was May 31, 1984.

Decedent died on August 29, 1986, leaving to survive him Claimant, who was living with Decedent and totally dependent upon him for her support at the time of his death. During his lifetime, Decedent had been receiving compensation benefits for a work-related back injury but not for an occupational disease.[1] On November 19, 1986 Claimant

---

1. The original work-related injury occurred on May 26, 1982 and Decedent claimed total disability as of May 31, 1984. The record, however, does not establish the precise nature of this injury.

filed a fatal claim petition alleging that her husband died as a result of anthraco-silicosis arising from his employment.

After a hearing the referee, in a decision dated July 19, 1988 (original decision), found the testimony of Employer's medical expert, Dr. John J. Shane, to be more credible than that of Claimant's medical expert, Dr. Richard P. Bindie, and therefore determined that Decedent did not suffer from simple coal worker's pneumoconiosis and that that condition was not a substantial contributing cause of Decedent's death. Claimant appealed the decision to the Board contending that because Dr. Bindie testified that Decedent had simple coal worker's pneumoconiosis and because Dr. Shane testified that Decedent had anthracosis, she met her burden of proving that Decedent had an occupational disease that was a substantial contributing factor in bringing about Decedent's death and that the referee erred as a matter of law in determining that she failed to meet her burden of proof. By decision dated May 8, 1989, the Board remanded the case to the referee with specific instructions to review the record in light of the standard of proof set forth in *Kusenko v. Republic Steel Corp.*, 506 Pa. 104, 484 A.2d 374 (1984).[2]

In the remanded decision dated August 18, 1989 (second decision) the referee, without taking additional evidence, determined that in light of the *Kusenko* standard *Dr. Bindie's* testimony was more credible than Dr. Shane's and that Decedent *did* have simple coal worker's pneumoconiosis which, among other factors, *was* a substantial contributing factor in bringing about Decedent's death. Accordingly, he awarded Claimant fatal claim benefits. Employer then appealed the referee's second decision to the Board.

2. In *Kusenko*, the Pennsylvania Supreme Court reaffirmed the standard set forth in *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983) which stated that where there are multiple causes of death and the immediate cause was non-compensable, the requirements of Section 301(c)(2) of the Act may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial, contributing factor among the secondary causes in bringing about death. 506 Pa. at 107, 484 A.2d at 376.

On appeal for the second time, the Board, stating in its decision dated December 18, 1990 that it had erred in remanding the case because the referee "merely changed his credibility determination from [Employer's] doctor to the Claimant's doctor," concluded that the remand order was improper because it did not concern a factual issue which was for the referee to resolve but rather a legal issue which the Board should have resolved. The Board therefore revoked its own decision of May 8, 1989, and reinstated and affirmed the original decision denying Claimant fatal claim benefits. Claimant's appeal to this Court followed.

■ Our scope of review is limited to a determination of whether a violation of constitutional rights occurred, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Borough of Media v. Workmen's Compensation Appeal Board (Dorsey)*, 134 Pa.Commonwealth Ct. 573, 580 A.2d 431, 432 (1990).

Claimant contends that the referee's second decision correctly found that Claimant had met her burden of establishing that her Decedent suffered an occupational disease which was a substantial, contributing factor among the secondary causes in bringing about his death, and that the Board erred in revoking its remand order and reinstating the referee's original decision to deny her benefits. Determinative of these issues, however, is whether a referee on remand may legally reverse his original credibility determinations, even though he does not take additional evidence, where the Board's remand order states that the referee should review the evidence in light of the proper standard of proof. Relying on *Borovich v. Colt Industries*, 492 Pa. 372, 424 A.2d 1237 (1981), Claimant maintains that a referee may make different credibility determinations after remand even though the Board's remand order does not direct the referee to do so.

*Borovich* is inapplicable here. In *Borovich* the referee initially decided that the claimant, who alleged total disabili-

ty due to silicosis, anthraco-silicosis and pulmonary emphysema arising from his employment, was not entitled to compensation benefits because there was an absence of evidence of pneumoconiosis. On appeal, the Board remanded with the direction to "make additional findings" relating to the claimant's entitlement to benefits under Section 108(n) of the Pennsylvania Workmen's Compensation Act (the Act).[3] The referee on remand reversed his own initial decision, finding the claimant was suffering from pulmonary emphysema as a result of his work exposure and determined that he was entitled to compensation, and the Board affirmed. This Court, on appeal by the employer, reversed the Board and held that the Board improperly remanded the referee's first decision and that the referee's second decision was in error because he made different findings of fact on the same evidence he had before him when he made his first decision. *Colt Industries v. Borovich,* 44 Pa.Commonwealth Ct. 493, 403 A.2d 1372 (1979). The Supreme Court, however, disagreed with these conclusions, holding that the Board correctly remanded the matter because the referee, while finding that the claimant suffered from pulmonary emphysema and cor pulmonale, mistakenly believed that the absence of pneumoconiosis rendered the claimant ineligible for benefits. The Supreme Court, stating that the referee's misconception was eradicated on remand, held that the claimant "properly asserted the vacua in the original findings of the Referee, which would justify an ultimate finding that the emphysema was not causally connected to the employment under the provisions of section 108(n)", and that the Board "correctly responded by remanding the matter and directing the Referee to determine whether the criteria under section 108(n) had been met." The referee's reversal of factual findings in his second decision was held to be proper because the referee's initial decision "contained inadequate or at least ambiguous *findings of fact,*" 492 Pa. at 377, 424 A.2d 1237

3. Act of June 2, 1915, P.L. 736, § 108(n), *as amended,* 77 P.S. § 27.-1(n).

(emphasis added), for which the Board properly remanded to be determined.

The holding in *Borovich* makes it clear that a referee may make different factual findings after remand, even without taking additional evidence, if the Board had remanded the matter for the purpose of making new factual findings. This legal principle is further reinforced by two cases which addressed the issue of the propriety of contradictory credibility determinations after remand. In *A & P Tea Co. v. Workmen's Compensation Appeal Board (Giglio)*, 114 Pa.Commonwealth Ct. 507, 539 A.2d 51 (1988), this Court held that after remand a second referee's reversal of the initial referee's credibility determinations, even though the second referee did not take additional evidence, was proper because the Board's remand order explicitly stated that certain factual issues crucial to the outcome of the case needed to be resolved and that the resolution of those issues necessarily involved review of the entire prior record. In *Simeone v. Workmen's Compensation Appeal Board (United Parcel Service)*, 135 Pa.Commonwealth Ct. 356, 580 A.2d 926 (1990), we held that the referee after remand erred in collaterally reviewing the record and making credibility determinations which contradicted those contained in the first decision because the remand order was for the limited and specific purpose of restating a legal conclusion which originally did not comport with statutory requirements. Whereas the Board's remand order in *A & P Tea* "empowered the referee to make new credibility determinations, if warranted," 580 A.2d at 929, because of the Board's requirement that new findings of fact be made, in *Simeone* new credibility determinations were improper after remand because "[c]redibility and the weighing of evidence were never at issue...." *Id.* (citing *Schuster v. Workmen's Compensation Appeal Board (Lee Tire & Rubber Co.)*, 74 Pa.Commonwealth Ct. 56, 459 A.2d 846 (1983)).

Unlike *Borovich* and *A & P Tea,* the present appeal does not involve the resolution of crucial issues of fact. The present appeal is analogous to *Simeone* in that a

primarily legal issue was involved, i.e., whether Claimant met her burden of proof as set forth in *Kusenko.* The Board, in its first decision dated May 8, 1989, stated:

> After a careful review of the record, we are of the opinion the referee should examine the case of *Kusenko, supra* to determine if the claimant met her burden of proof. Accordingly, we will remand the case to the referee to make findings on this crucial issue....

R.R. 123a. In its remand order the Board, because credibility and the weighing of evidence were not at issue, did not direct the referee to make new findings of fact which would have justified the making of new credibility determinations. Instead the Board required the referee to re-evaluate his conclusions of law in light of the evidence contained in the record. Accordingly, we conclude that it was improper for the referee after remand to have made a credibility determination which contradicted that in his original decision. *See also Rockwood Area School District v. Workmen's Compensation Appeal Board (Tipton),* 98 Pa.Commonwealth Ct. 309, 511 A.2d 263 (1986).

■■■ Claimant next contends that the Board's remand order was proper and that the Board's second order revoking its first order and reinstating the referee's original decision was not proper. Section 419 of the Act, 77 P.S. § 852, empowers the Board to remand a case to a referee only where the referee's findings are unsupported by substantial evidence of record or where the referee's findings fail to resolve a necessary issue raised by the evidence or by the parties. *Joseph v. Workmen's Compensation Appeal Board (Delphi Co.),* 108 Pa.Commonwealth Ct. 636, 530 A.2d 954 (1987); *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa.Commonwealth Ct. 352, 336 A.2d 440 (1975). Although the Board has plenary power to hear and dispose of cases in the manner it sees fit until it renders a final appealable order, *Holmes House v. Workmen's Compensation Appeal Board (Shanahan),* 127 Pa.Commonwealth Ct. 199, 203–4, 561 A.2d 349, 351 (1989), a remand may not properly be

ordered where the referee's findings satisfactorily resolve the issues presented and are supported by substantial competent evidence. *Schuster*, 74 Pa.Commonwealth Ct. at 62, 459 A.2d at 849. Moreover, dissatisfaction by the Board with the referee's assessment of the credibility of the witnesses and the weight of the evidence will not justify a remand. *Forbes*.

In the present appeal, the Board in its first opinion expressed concern that the referee may not have weighed the evidence in light of the burden of proof set forth in *Kusenko* and remanded so that the referee could make an appropriate finding in accordance with that standard. The *Kusenko* case holds that where there are multiple causes of death and the immediate cause was noncompensable,[4] the claimant must show with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial, contributing factor among the secondary causes in bringing about death in order to be eligible for compensation benefits. 506 Pa. at 107, 484 A.2d at 376. The referee, in his original decision, made the following pertinent conclusions of law:

2. The Claimant has failed to meet her burden of proof to establish that her Decedent suffered from an occupational disease.

3. The Claimant has failed to meet her burden of proof to establish that the Decedent had simple coal workers' pneumoconiosis which was a substantial, contributing factor among the secondary causes in bringing about his death.

■ The referee *did* consider the case in accordance with the *Kusenko* standard of proof in his original decision, and his findings satisfactorily resolve the crucial legal issues in this case. The Board's remand order therefore was not proper. Because the Board realized it had erred in ordering the remand and corrected its mistake while the case was

4. In the present appeal, the immediate cause of Decedent's death was sepsis, an infection secondary to a recurrent urinary tract infection, due to metastatic carcinoma of the prostate gland. R.R. 50a.

still within its jurisdiction, we conclude that the Board did not err in revoking its remand order and reinstating the referee's original decision.

■ Finally, Claimant contends that the referee's original decision was unsupported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Andracki v. Workmen's Compensation Appeal Board (Allied Eastern States Maintenance)*, 96 Pa.Commonwealth Ct. 613, 617, 508 A.2d 624, 626 (1986). To determine whether findings of fact are supported by substantial evidence, the whole record must be examined and the referee's findings must be adequately supported by the evidence as a whole. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 282, 572 A.2d 838, 840 (1990).

■ In support of his findings, the referee considered the testimony of both parties' medical experts. Dr. Bindie, Claimant's expert, testified that he had performed an autopsy on Decedent which was limited to an examination of Decedent's chest, and diagnosed simple coal worker's pneumoconiosis with early cor pulmonale. He concluded that, in his opinion, simple coal worker's pneumoconiosis with early cor pulmonale was also a substantial contributing cause of death. However, from the autopsy, Dr. Bindie was unable to give an opinion as to what caused the death.

Dr. Shane, Employer's expert, testified that he had examined slides of Decedent's lungs as well as the testimony of Claimant and Dr. Bindie. Dr. Shane was of the opinion that Decedent died of carcinoma of the prostate, which metastasized to other body organs and produced severe sepsis. It was also Dr. Shane's opinion that the slides which he examined showed anthracosis which was not extensive and not associated with coal mine employment. He consequently opined that Decedent did not have simple coal worker's pneumoconiosis and that that condition was not a substantial contributing cause of Decedent's death.

The referee, in his original decision, found Dr. Shane's testimony to be credible and Dr. Bindie's to be speculative and conjectural. He therefore accepted Dr. Shane's testimony and concluded that Claimant failed to meet her burden of proving that Decedent suffered an occupational disease and that it was a substantial contributing factor among the secondary causes in bringing about Decedent's death. Issues of credibility and evidentiary weight are solely for the resolution of the referee, and he may accept or reject the testimony of any witness, in whole or in part. *Town & Country Fine Furniture v. Workmen's Compensation Appeal Board (Cooley)*, 115 Pa.Commonwealth Ct. 484, 489, 540 A.2d 638, 640 (1988). Moreover, the referee's acceptance of the opinions of one medical expert over another is within his prerogatives and is not the basis for a contention that such selection constitutes reversible error. *Bruckner v. Workmen's Compensation Appeal Board (Lancaster Area Vo-Tech)*, 104 Pa.Commonwealth Ct. 290, 295, 521 A.2d 980, 983 (1987). We find that the referee's determination is supported by substantial evidence.

The order of the Board is affirmed.

## ORDER

AND NOW, this 18th day of July, 1991, the order of the Workmen's Compensation Appeal Board, dated December 18, 1990, revoking its prior order of May 8, 1989 and reinstating the referee's original decision of July 19, 1988 which dismissed Agnes Shustack's fatal claim petition, is hereby affirmed.