616 A.2d 131

**JOHN A. MILLER & ASSOCIATES, LTD., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (DeFELICE and Pennex Products Company, Inc. and PMA Insurance Company), Respondents.**

**Darlene N. DeFELICE, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (PENNEX PRODUCTS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 14, 1992.

Decided Sept. 25, 1992.

Richard J. Fidei, for petitioner John A. Miller & Associates, Ltd.

Darlene N. DeFelice, pro se.

Eugene A. Giotto, for respondents Pennex Products and PMA Group.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

BLATT, Senior Judge.

Darlene N. DeFelice (claimant), proceeding pro se, appeals an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee which denied benefits after January 6, 1987. John A. Miller & Associates, Ltd. (counsel), the claimant's former counsel, appeals that part

of the Board order affirming the decision of the referee which excluded medical expenses from the computation of attorney's fees. By order dated December 17, 1991, this Court sua sponte consolidated these appeals for review.

The claimant filed two claim petitions alleging that while working for Pennex Products, Inc. (employer) as a packer she suffered an injury on July 13, 1984 and an aggravation of that injury on July 3, 1985. The claimant was last employed on September 10, 1986 and, at this time, resides in the state of Washington.

Before the referee, the claimant testified and offered the deposition testimony of Drs. Timothy Janeway and Edward J. Zivic. The employer offered the testimony of Bernice Brandt, plant manager, and the deposition testimony of Dr. Jose G. Amayo. The referee also conducted a workplace tour. By decision dated February 19, 1988, the referee awarded the claimant total disability benefits for specified closed periods and continuing after September 10, 1986; ordered the employer to pay the reasonable medical bills; and directed the payment of the claimant's attorney's fees for a period of two years at twenty percent of her compensation award. Both the claimant and the employer appealed. By order and opinion dated July 28, 1989, the Board affirmed in part and remanded the matter for further consideration of the evidence [1] and additional findings of fact and conclusions of law on the issues of dates of injury, disability, work availability [2], average weekly wage, and attorney's fees.

By decision dated May 31, 1990, the referee, without taking any additional evidence, made the following relevant findings:

1. Although Dr. Amayo's testimony was offered into evidence and designated as Exhibit B, it was not included in the list of exhibits on the February 19, 1988 decision cover sheet or otherwise mentioned in the findings of facts. See A & P Tea Co. v. Workmen's Compensation Appeal Bd. (Giglio), 114 Pa.Commonwealth Ct. 507, 539 A.2d 51 (1988) (remand proper under similar circumstances).

2. The referee's conclusion on remand that all disability ceased as of January 7, 1987, obviates the need to reach the issue of work availability after that date.

15. Jose G. Amayo ... considers the claimant has wedging at C6, which pre-dates the first claimed episode in July of 1984. This doctor considers that the claimant did have some objective neck and low back pain, with no objective findings. He recommends that the claimant returned [sic] to work with the defendant with no limitations....

16. Timothy Janeway ... considers the claimant to have chronic cervical strain.... He would consider the claimant could go back into the workplace with a relatively light-type of job.... She would not be damaged by going back in to the workplace. Though, overall, it appears this doctor is stating the claimant could return to a light-type of work, such as [sic] been offered to her by the defendant, this doctor's testimony is found, however, to be rather equivocal.

16.... We find that [Edward J. Zivic] is very equivocal, and accordingly, his opinions are given relatively little value.

17. From the claimant's testimony, the doctor's testimony, and that of the defendant, it is found that the claimant has suffered a neck injury on July 13, 1984, resulting in two-days [sic] lost time from employment. Then, on July 3, 1985, the claimant, in the course of her occupation with the defendant, aggravated her neck condition, which is considered to be a new injury, and that this caused periods of disability until the date of January 6, 1967 [sic].... It is found that the claimant has recovered from her work injury of July 3, 1985. It is further found that the claimant's low back condition that she complained of is not as a result of either the July 13, 1984 incident or the aggravation of July 3, 1985.

Based on these findings, the referee concluded that the claimant met her burden of proof of work-related injuries and disability from July 3, 1985 through January 6, 1987 and that her disability had resolved itself as of January 7, 1987. The claimant retained a new attorney and filed an appeal. The claimant's former counsel also appealed. By order and opinion dated August 12, 1991, the Board affirmed the referee's

decision. Both parties appealed from the Board's decision.[3]

The parties raise the following issues for review: (1) whether the referee erred in making new findings of fact on remand; (2) whether the referee's findings are supported by substantial evidence; (3) whether the Board erred in concluding that the claimant was ineligible for benefits as of January 7, 1987; and (4) whether the Board erred in excluding medical expenses from the computation of attorney's fees.

The claimant first argues that, absent the benefit of additional evidence on remand, the referee improperly made new findings of fact, including contradictory credibility determinations. To resolve this issue, we must determine whether the referee improperly exceeded the scope of the remand order and ascertain the propriety of contradictory credibility determinations after remand.

A remand order directing the reevaluation of a conclusion of law in light of the evidence contained in the record would not permit the making of new findings of fact. *See Shustack v. Workmen's Compensation Appeal Bd. (B–D Mining Co.)*, 141 Pa.Commonwealth Ct. 296, 595 A.2d 719 (1991); *Simeone v. Workmen's Compensation Appeal Bd. (United Parcel Serv.)*, 135 Pa.Commonwealth Ct. 356, 580 A.2d 926 (1990), *appeal denied*, 527 Pa. 658, 593 A.2d 428 (1991). A remand order directing the referee to make new factual findings may justify the making of new credibility determinations, *see A & P Tea; Borovich v. Colt Indus.*, 492 Pa. 372, 424 A.2d 1237 (1981), unless the order narrowly tailors the directive to preclude further credibility determinations. *See Glabern Corp. v. Workmen's Compensation Appeal Bd. (Moccia)*, 84 Pa.Commonwealth Ct. 381, 479 A.2d 77 (1984).

The original referee's decision contained the following relevant findings:

3. Our scope of review on appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether errors of law have been committed, and whether constitutional rights have been violated. *Koszowski v. Workmen's Compensation Appeal Bd. (Greyhound Lines, Inc.)*, 141 Pa.Commonwealth Ct. 253, 595 A.2d 697 (1991).

5. During the periods of time claimant was off work, July 4, 1985 to July 10, 1985, from September 11, 1985 until December 1, 1985 and from March 11, 1986 to July 6, 1986, claimant was disabled due to her work-related injury.

6. Claimant last worked on September 10, 1986 and has been off work since.

7. Claimant is due compensation at the rate of $180.00 per week during the periods she was off and after September 10, 1986 and continuing.

8. The medical testimony of Dr. Janeway and Dr. Zivic are credible and relate the injury of the claimant to her work.

In its remand order, apparently in recognition of the inadequacy of these findings, the Board directed the referee to consider the testimony of Dr. Amato and to make additional findings of fact and conclusions of law on the issues of disability, work availability and attorney's fees, among others not challenged on appeal. The resolution of these issues necessarily involved a review of the entire prior record and, consequently, empowered the referee to make new credibility findings.[4] On remand, the referee reviewed the testimony of Dr. Amato, weighed this testimony against the testimony of Drs. Zivic and Janeway and, finding the testimony of the latter to be equivocal, accorded Dr. Amato's testimony the greater weight. In light of the broad stroke of the remand order, no error can be attributed to the referee's reconsideration of the evidence and his formulation of different findings and conclusions in accordance with the Board's remand order.

Further, contrary to the claimant's assertions that the referee improperly made conflicting credibility determinations on remand, we find that, having now considered all the testimony, he simply weighed competing testimony on the issues he was directed to address. We find no conflict between the original finding that the testimony of Drs. Zivic and Janeway was

---

4. We are mindful that on remand the referee, as factfinder, is entitled due deference for his role. *A & P Tea Co.* Where the Board does not take additional evidence, issues of credibility and evidentiary weight are solely for resolution by the referee. *Shustack.* In making these determinations, he is free to accept or reject the testimony of any witness in whole or in part. *Id.*

credible and established the work-relatedness of the claimant's injury and the findings on remand addressing the extent of the claimant's disability and job availability within her physical restrictions.

■ The claimant next argues that the finding that disability had terminated is not supported by substantial evidence and that the Board erred in concluding that she was no longer eligible for compensation as of January 7, 1987. The testimony of Dr. Amayo, Dep. at 10, 24–25, provides substantial support for this finding. Findings supported by substantial evidence will not be disturbed on appeal. *Carrier Coal Enterprises v. Workmen's Compensation Appeal Bd. (Balla)*, 118 Pa.Commonwealth Ct. 201, 544 A.2d 1111 (1988). Because the finding that disability had terminated is supported by substantial evidence, we find no error in the conclusion that the claimant was no longer eligible for benefits as of January 7, 1987.

■ We now reach the issue of attorney's fees raised by the claimant's former counsel. Section 442 of the Pennsylvania Workmen's Compensation Act (Act)[5] provides that all fees agreed upon by a claimant and her attorney for services performed shall be approved by the referee or board, provided that they do not exceed twenty percent of the *amount awarded*. Relying on *Fuhrman v. Workmen's Compensation Appeal Bd. (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986), *appeal dismissed*, 518 Pa. 59, 540 A.2d 267 (1988),[6] the Board denied the inclusion of the claimant's medical expenses award in the computation of attorney's fees. Counsel argues that the Board erred in limiting the fee award to twenty percent of the disability compensation and asserts that it should also reflect twenty percent of the medical expenses awarded.

5. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 998.

6. In *Fuhrman*, this Court concluded that the three year statute of limitations for setting aside a final receipt set forth in Section 434 of the Act, 77 P.S. § 1001, is inapplicable to the payment of medical expenses pursuant to Section 306(f), 77 P.S. § 531, because the term "compensation" as used in Section 434 does not include medical expenses.

This issue was presented in *Raulston v. Workmen's Compensation Appeal Board (Tri–State Motor Transit)*, 146 Pa.Commonwealth Ct. 635, 606 A.2d 668 (1992). Expressly noting that *Fuhrman* is not dispositive, this Court held that for purposes of the computation of attorney's fees the "amount awarded" includes medical expenses. *See also Koszowski v. Workmen's Compensation Appeal Bd. (Greyhound Lines, Inc.)*, 141 Pa.Commonwealth Ct. 253, 595 A.2d 697 (1991). *Raulston* controls and, therefore, we conclude that the Board erred in excluding the awarded medical expenses from the computation of the counsel fee award.

### ORDER

AND NOW, this the 25th day of September, 1992, that part of the order of the Workmen's Compensation Appeal Board denying compensation as of January 7, 1987, is affirmed and that part of the order denying attorney's fees based on medical expenses is reversed.